IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| 3D SCAN GUIDE LLC,<br><br>Plaintiff,<br><br>v.<br><br>INSTITUT STRAUMANN AG and STRAUMANN USA, LLC;<br><br>Defendants. | § § § § § § § § § § § § § §  CASE NO. 6:21-cv-459<br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff 3D Scan ("Plaintiff" or "3D Scan"), by and through its attorneys, files this Complaint for Patent Infringement against defendants Institut Straumann AG and Straumann USA, LLC, (collectively, "Defendant" or "Straumann") and hereby alleges as follows:

## I.   NATURE OF ACTION

1.   This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods, processes services, systems and/or products incorporating Plaintiff's patented invention.

2.   Plaintiff is the owner of all rights, title, and interest in and to US Patent No. RE 47,368 (the "'368 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3.   Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Plaintiff's Patent, by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial

1

boundaries of the United States and the State of Texas, products that are covered by one or more claims of Plaintiff's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Accused Products (as defined herein) and services; and/or induces others to make and use its Accused Products and services in an infringing manner; and/or contributes to the making and use of Accused Products and services by others, including its customers, who directly infringe the Patent.

5. Plaintiff seeks past and future damages and pre-judgment and post-judgment interest for Defendant's past infringement of the Patent-in-Suit, as defined below.

## II.     THE PARTIES

6. Plaintiff 3D Scan Guide LLC is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 18 E. 48th Street, Suite 1702, New York, New York 10017.

7. Upon information and belief, Defendant Institut Straumann AG is a corporation organized and existing under the laws of Switzerland, with a headquarters located at Peter Merian-Weg 12, 4002 Basel, Switzerland. Defendant Institut Straumann AG has two US-based brands, Straumann, Inc. and Clearcorrect Holdings LLC, with places of business located at 916 113th Street, Arlington, Texas 76011 and 21 Cypress Blvd., Suite 1180, Round Rock, Texas 78665, respectively.

8. Upon information and belief, Defendant Straumann USA, LLC is a limited liability corporation organized and existing under the laws of Delaware, with a place of business located at 60-100 Minuteman Rd., Andover, MA 01810. Defendant Straumann USA, LLC may be served with process by serving Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### III.     JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the Patent Laws of the United States, in particular 35 U.S.C. §271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 1338(a).

10. Straumann makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, dental products for tooth replacement solutions and oral tissue regeneration.

11. Upon information and belief, Defendant designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Patent, directly and or through intermediaries, as alleged herein. Defendant markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

### COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. RE 47,368

12. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

13. On April 30, 2019, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. RE 47,368 entitled "Modular template for drilling holes and method of making same."

14. Plaintiff is the owner of all rights, title, and interest in and to the '368 Patent, including the right to assert all causes of action arising under the '368 Patent and the right to any remedies for the infringement of the '368 Patent.

15. For example, claim 11 of the '368 Patent states:

11. A template for use with an instrument for penetrating an uncut irregular surface through a hole in said uncut irregular surface, said hole being located at a desired location on said uncut irregular surface, said template comprising:

    a body including a custom surface shaped as a negative impression of the uncut irregular surface to conform to the uncut irregular surface, the body having a receiving section;

    a removable portion configured to be arranged in the receiving section;

    a removable guideway arranged at the removable portion and having a first end positioned to open onto said desired location when said body is placed in conforming contact with said uncut irregular surface, wherein the removable guideway comprises an inner piece and an outer piece, and wherein the outer piece includes an outer surface configured to engage an inner surface of the removable portion;

    means for securing said removable portion to said body; and

    the inner piece configured as a stop for limiting a depth of penetration of said instrument into said hole.

16. As described in the specification, a preferred embodiment of the template is for use with an instrument to drill a hole in a surface at a desired location. The template includes a body which has a negative impression of the surface, a guideway having a first end positioned to open onto the desired location when the body is placed in conforming contact with the surface, and a second end positioned on an exterior surface of the body. The second end of the guideway is connected to the first end by a passage. The template also includes a stop for limiting the depth of penetration of the drill bit into the hole.

17. Straumann makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, Smile in a Box products and products that are made, sold, offered for sale or operate in a substantially similar manner (collectively, the "Accused Products").

18. Straumann's Accused Products meet every limitation of claim 11 of the '368 Patent, as well as other claims of the '368 Patent and therefore directly infringe the '368 Patent.

19. For example, Straumann's Accused Products utilize "[a] template for use with an instrument for penetrating an uncut irregular surface through a hole in said uncut irregular surface, said hole being located at a desired location on said uncut irregular surface," as detailed in https://www.youtube.com/watch?v=EJx-cno8myQ and depicted below.



20. Straumann's Accused Products utilize "a body including a custom surface shaped as a negative impression of the uncut irregular surface to conform to the uncut irregular surface, the body having a receiving section," as detailed in https://www.youtube.com/watch?v=EJx-cno8myQ and depicted below.



21. Straumann's Accused Products utilize "a removable portion configured to be arranged in the receiving section," as detailed in https://www.youtube.com/watch?v=EJx-cno8myQ and depicted below.



22. Straumann's Accused Products utilize "a removable guideway arranged at the removable portion and having a first end positioned to open onto said desired location when said body is placed in conforming contact with said uncut irregular surface," as detailed in https://www.youtube.com/watch?v=OCnybo_FstM and depicted below.



23. Straumann's Accused Products utilize a removable guideway which comprises "an inner piece and an outer piece, and wherein the outer piece includes an outer surface configured to engage an inner surface of the removable portion," as detailed in https://www.youtube.com/watch?v=OCnybo_FstM and depicted below.



24.     Straumann's Accused Products utilize a "means for securing said removable portion to said body," as detailed in https://www.youtube.com/watch?v=kuOKEKKA198 and depicted below.



25. Straumann's Accused Products utilize "the inner piece configured as a stop for limiting a depth of penetration of said instrument into said hole," as detailed in https://www.youtube.com/watch?v=OCnybo_FstM and depicted below.



9

26. Plaintiff has suffered damages as a result of Straumann's direct infringement of the '368 Patent in an amount adequate to compensate for Straumann's infringement, but in no event less than a reasonable royalty for the use made of the invention by Straumann, together with interest and costs as fixed by the Court.

27. Defendant continues to make, use, sell and/or import Accused Products despite knowing that its actions constitute infringement of a valid patent.

28. Accordingly, Defendant is acting egregiously and/or knowingly or intentionally when it infringes the '368 Patent.

## COUNT TWO
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. RE 47,368 PURSUANT TO 35 U.S.C. § 271(B)

29. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

30. On information and belief, at least as early as the date of receipt of this complaint, Defendant has been and is presently indirectly infringing one or more claims of the '368 Patent, by *inter alia* actively inducing infringement of the '368 Patent under 35 U.S.C. § 271(b). On information and belief, such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing oral surgeons and dentists to use infringing articles that Defendant knows or should know infringe one or more claims of the '368 Patent. On information and belief, Defendant, *inter alia*, creates and provides its infringing surgical guide templates and instructs and directs oral surgeons and dentists to reassemble them in an infringing manner as claimed in the '368 Patent, either literally or under the doctrine of equivalents.

31. On information and belief, at least as early as the date of receipt of this complaint, Defendant knew or was willfully blind to the fact that it was inducing others to infringe the '368

Patent. On information and belief, Defendant knowingly and actively aided and abetted the direct infringement of the '368 Patent by, *inter alia*, providing instructions and encouragement to oral surgeons and dentists to reassemble the surgical guide templates in an infringing manner.

32. As a result of Defendant's infringement of the '368 Patent, Plaintiff has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## COUNT THREE
## INDIRECT INFRINGEMENT OF U.S. PATENT NO. RE 47,368 PURSUANT TO 35 U.S.C. § 271(C)

33. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

34. On information and belief, at least as early as the date of receipt of this complaint, Defendant has been and is presently indirectly infringing one or more claims of the '368 Patent, by contributing to infringement of the '368 Patent under 35 U.S.C. § 271(c) and/or §271(f), either literally and/or under the doctrine of equivalents.

35. On information and belief, at least as early as the date of receipt of this complaint, Defendant has contributed to the infringement of the '368 Patent by, with knowledge of the '368 Patent and its infringing use, offering and/or providing to oral surgeons and dentists, and/or importing into the United States, its infringing surgical guide templates. These infringing surgical guide templates (i) are a material part of the patented inventions claimed in the '368 Patent, (ii) are not a staple article or commodity of commerce suitable for substantial non-infringing use, and (iii) are especially made or especially adapted for use in an infringement of the '368 Patent.

36. As a result of Defendant's infringement of the '368 Patent, Plaintiff has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## IV.   JURY DEMAND

37. Plaintiff 3D Scan hereby demands a jury on all issues so triable.

## V.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff 3D Scan respectfully requests that the Court:

(a) enter judgment that Defendant infringes one or more claims of the '368 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that Defendant has induced infringement and continues to induce infringement of one or more claims of the '368 Patent;

(c) enter judgment that Straumann has contributed to and continues to contribute to the infringement of one or more claims of the '368 Patent;

(d) award Plaintiff damages, to be paid by Defendant in an amount adequate to compensate Plaintiff for such damages, together with pre-judgment and post-judgment interest for the infringement by Defendant of the '368 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Plaintiff its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

|  |  |
|---|---|
| DATED: May 3, 2021 | Respectfully submitted,<br><br>*/s/   Andrew G. DiNovo*<br>Andrew G. DiNovo<br>Texas State Bar No. 00790594<br>adinovo@dinovoprice.com<br>Nicole E. Glauser<br>Texas State Bar No. 24050694<br>nglauser@dinovoprice.com<br>**DINOVO PRICE LLP**<br>7000 N. MoPac Expressway, Suite 350<br>Austin, Texas 78731<br>Telephone: (512) 539-2626<br>Telecopier: (512) 539-2627<br><br>*Counsel for Plaintiff*<br>*3D Scan Guide LLC* |